UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Clifford                                                                                       Civil Action No. 6:10-1352

versus                                                                                        Judge Tucker L. Melançon

Bryans Construction, et al                                             Magistrate Judge Patrick J. Hanna

MEMORANDUM ORDER

Before the Court is a Motion To Dismiss Pursuant To 28 USCA § 1406 Or In The Alternative To Transfer Pursuant To 28 USCA § 1404 filed by LFI Fort Pierce, Inc. d/b/a Labor Finders ("LFI").  LFI moves the Court to dismiss this action or in the alternative to transfer the matter to the Shreveport Division of the Western District of Louisiana [Rec. Doc. 29].  James Clifford, plaintiff pro se[1], has filed an opposition to the motion. R. 32.

This action arises from alleged employment discrimination based on plaintiff's race under Title VII of the Civil Rights Act of 1964, Title 42 of the United States Code section 2000e *et seq*.  *R.1*.  Plaintiff filed a Charge of Discrimination with the EEOC on August 11, 2009.  *Id., Exh. 1*.  The EEOC issued a right to sue letter on May 26, 2010.  Plaintiff filed suit against defendants, Bryan's Construction, LLC ("Bryan's") and LFI, on August 26, 2010.  *Id.* Plaintiff alleges that he was fired from his Bryan Construction temporary job due to race and employment discrimination. *Id.* In a statement attached to the Complaint plaintiff states that the "supervisor of Bryan Construction site in Shreveport, LA" discriminated against him when he was

---

[1] As plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings.  See *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

"fired" along with the only other African American on the job site set up by Labor Finders. *Id.* In his Charge of Discrimination filed with the Louisiana Commission On Human Rights, plaintiff also states that he was terminated in retaliation for his "Black co-worker informing [their supervisor] that he was going to file a charge of discrimination with EEOC." *Id.* Plaintiff states that since that time, he has "been living in the street in Shreveport and Lafayette, LA." *Id.*

The venue provisions of Title VII of the Civil Rights Act of 1964 limit the venue of employment discrimination cases to:

> any judicial district in the state in which the unlawful employment practice is alleged to have been committed;
>
> the judicial district in which the employment records relevant to the unlawful employment practice are maintained and administered;
>
> the judicial district where the aggrieved person would have worked but for the alleged unlawful practice; or
>
> the judicial district in which the defendant has its principle office, if the defendant cannot be found in any of the other districts.

42 U.S.C. § 2000e-5(f)(3).

The Fifth Circuit has held that the venue provisions of 28 U.S.C. §§ 1404 and 1406 are also applicable and should be considered in Title VII cases. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.,2003). Section 1404(a) permits transfer of a case "for the convenience of the parties and witnesses, [and] in the interest of justice" to another district where the case "might have been brought." 28 U.S.C. § 1404(a). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). The private factors include: (1) the availability and convenience of

witnesses and parties, (2) the location of books and records, (3) the place of the alleged wrong, (4) the plaintiff's choice of forum, and (5) the possibility of delay and prejudice if transfer is granted. The public interest factors address broader objectives: (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law. *Id.*

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entertainment* at 433. Here, there is no controversy that plaintiff's suit might have been originally filed in the Shreveport Division of the Western District of Louisiana because, (1) that is where "the unlawful employment practices are alleged to have been committed," (2) that is where "the employment records relevant to such practice are maintained and administered," (3) that is where "the aggrieved person would have worked but for the alleged unlawful employment practice," and (4) that is where "the respondent has his principal office."

As to the 1404 factors, the record contains nothing to suggest that the convenience of the parties and witnesses or the interest of justice would be better served in the Lafayette Division. Although the Court finds it difficult to discern the portion of plaintiff's objection specifically related to the motion at bar, plaintiff apparently contends that because he filed this action in the Western District of Louisiana and because both the Lafayette Division and the Shreveport Division are in the Western District, venue

is proper. *R. 32.* Local Rule 77.3W of the Uniform District Court Rules, which sets out the parishes contained within each Division of the Western District, mandates that an action be brought in the judicial division containing the parish in which the action arose. Local Rule 77.3W states that the judicial divisions in the Western District are designated for the purpose of "administration of the business of the court" and lists the parishes within each division. The purpose of the Local Rule 77.3W is to promote the most efficient placement and advancement of the cases within the Western District.

Accordingly, based on the record before the Court as well as the applicable law, it is

**ORDERED** that defendant's Motion To Dismiss Pursuant To 28 USCA § 1406 is **DENIED** and defendant's Alternative Motion To Transfer Pursuant To 28 USCA § 1404 is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be transferred to the Shreveport Division of the Western District of Louisiana.

Thus done and signed this 28th day of January, 2010 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

4.