UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES CLIFFORD                                   CIVIL ACTION NO. 10-cv-1352

VERSUS                                                      JUDGE STAGG

BRYAN CONSTRUCTION, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

James Clifford ("Plaintiff"), a self-represented party, filed this Title VII complaint against Bryan Construction and LFI Fort Pierce, Inc. (also referred to as Labor Finders or LFI). Before the court is a Motion for Judgment on the Pleadings filed by LFI, which argues that the complaint (1) was not filed timely and (2) does not state a claim on which relief may be granted. For the reasons that follow, it is recommended that the motion be denied.

**Timeliness**

Plaintiff was placed by LFI as a laborer on a work site operated by Bryan Construction, but he was fired after one day. He filed this action alleging race discrimination in violation of Title VII. Plaintiffs who sue under Title VII must exhaust their administrative remedies before filing suit. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a notice of right to sue. Title VII provides that the plaintiff then has 90 days after receipt of the notice to file a civil action. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002).

Plaintiff's right to sue letter is stamped with an indication that the EEOC mailed it on May 26, 2010 from the agency's New Orleans office to Plaintiff's address in Shreveport. The court-provided form on which Plaintiff later filed his complaint asked him if he received a right to sue letter and the date he received same. Plaintiff wrote that he received his notice on "5/26/10 & 7/22/10." LFI seizes on the May 26 date, which is the same date the EEOC placed the letter in the mail. LFI then calculates that the complaint had to be filed 90 days after that date, or by August 24, 2010. Plaintiff did not tender his complaint to the Clerk of Court until two days after that date, on August 26, 2010.

A Rule 12(c) motion for judgment on the pleadings uses the same standard as a motion to dismiss under Rule 12(b)(6). Gentilello v. Rege, 627 F.3d 540, 543 (5th Cir. 2010). That means the judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Accordingly, the defense of prescription or limitations may be raised through a motion for judgment on the pleadings if the affirmative defense is apparent on the face of the complaint and no question of fact exists. Resolution Trust Corp. v. Walke, 1994 WL 777355, *2 (W.D. La. 1994).

It is extraordinarily unlikely that Plaintiff received an item of mail in Shreveport on the very day the EEOC deposited it in the postal service system in New Orleans, which is more than 300 miles away. Courts usually apply a presumption of receipt ranging from three to seven days after the letter was mailed. Taylor, 296 F.3d at 379. LFI does not address this issue, resting simply on Plaintiff's "admission" in his complaint that he received the notice

on May 26, 2010. Given Plaintiff's self-represented status, his confusing use of two dates of alleged receipt, the presumption of receipt three or more days after mailing, and the strong likelihood that Plaintiff did not actually receive the document on May 26, the timeliness defense is not appropriate for resolution by a motion for judgment on the pleadings. Applying even a three-day presumption, in the absence of contrary evidence of the date Plaintiff received the notice, the timeliness defense is not apparent on the face of the pleadings.

**Failure to State a Claim**

Plaintiff was placed by LFI as a laborer on a work site operated by Bryan Construction. Plaintiff alleges that he was "fired from the Bryan Construction temporary job due to race and employment discrimination." Plaintiff stated that he and one other worker were the only two African Americans "on the job set up by Labor Finders temp service." The four other employees at the Bryan job site were white. Plaintiff alleges that he and his black co-worker completed all of their tasks as directed, but "a Labor Finder employee informed [the two black employees] that we were fire for no specify reason." Plaintiff attributes the action to racial discrimination.

LFI construes the complaint as alleging that a Bryan Construction supervisor terminated Plaintiff's employment, which LFI argues might give rise to a claim against Bryan but not LFI. LFI notes that persons who do not qualify as an "employer" under Title VII cannot be held liable under that law. LFI does not attempt to explain its precise role in Plaintiff's employment.

The documents attached to Plaintiff's complaint as exhibits shed some additional light on LFI's possible role. Those exhibits are a part of the complaint for all purposes, including assessment of a motion to dismiss. U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004). The documents include a statement that LFI filed with the EEOC during the agency proceedings. LFI stated therein that it employed approximately 50 people per day during the relevant time, that it is a temporary labor supply provider, and it supplies customers with requested labor. LFI squarely represented to the EEOC that "Mr. Clifford did work for Labor Finders on March 6, 2008." (That is the date Plaintiff alleges he was fired.) LFI went on to deny discrimination "in the area of job assignments and race." It added that the organization provides for daily work, daily pay, with no guarantees of further work "and the contract of hire ends at the end of each day." Its submissions contained other indications of employment, such as references to LFI workers as being employed at will.

Plaintiff's allegation that he was fired "from" the temporary job at Bryan Construction does not necessarily mean that he was fired *by* Bryan, and it does not preclude LFI from being Plaintiff's Title VII employer. The documents attached to the complaint as exhibits contain an unambiguous representation by LFI to the EEOC that LFI did employ Plaintiff on the day Plaintiff was fired from the job. It is therefore not appropriate to dismiss LFI based on its current representation to the court that the pleadings do not permit a finding that LFI was Plaintiff's employer within the meaning of Title VII.

Accordingly,

**IT IS RECOMMENDED** that LFI's **Motion for Rule 12(c) Judgment on the Pleadings (Doc. 40)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE