UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES CLIFFORD                                    CIVIL ACTION NO. 10-cv-1352

VERSUS                                            JUDGE STAGG

BRYAN CONSTRUCTION , ET AL                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The last defendant in this case is Bryan Construction, Inc. Bryan, represented by counsel, filed an answer. Doc. 49. The attorneys for Bryan later filed a Motion to Withdraw as Counsel (Doc. 67) and attached a letter from the company president, in which the president stated that Bryan was no longer financially in a position to defend itself in the litigation and consented to the withdrawal of its attorneys. The court granted the requested withdrawal, so Bryan is no longer represented by counsel.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Almost all courts have held that this statute "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993). The Fifth Circuit has long followed the rule that corporations, partnerships or other "fictional legal persons" cannot appear for themselves personally but must be represented by licensed counsel. Southwest Express Co. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982). See also Memon v. Allied Domecq Qsr, 385

F.3d 871, 873 (5th Cir. 2004); U.S. v. Trowbridge, 251 F.3d 157 (5th Cir. 2001); and KMA, Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).

Bryan is no longer represented by counsel and cannot participate in the litigation without counsel. The Fifth Circuit has affirmed a district court that struck an answer offered by an entity that purported to appear through a non-lawyer. Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984). But the Court suggested in Memon that a district court should expressly warn or formally order the entity to retain counsel before the court takes the harsh measures of striking pleadings or dismissing claims with prejudice. Memon, 385 F.3d at 874.

To comply with the notice requirement, Bryan is advised that it must enroll counsel to represent it in this case no later than **September 19, 2011**. If Bryan does not do so, the court will strike its answer and order the Clerk of Court to enter a default.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of September, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE