UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES CLIFFORD                               CIVIL ACTION NO. 10-cv-1352

VERSUS                                       JUDGE STAGG

BRYAN CONSTRUCTION, ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

James Clifford ("Plaintiff"), a self-represented party, filed this Title VII complaint against Bryan Construction and LFI Fort Pierce, Inc. (also referred to as Labor Finders or LFI). Plaintiff alleges that LFI, a labor service, placed him at a job on a work site operated by Bryan Construction, but he was fired after one day because of his race. Plaintiff settled his claims with LFI. Bryan filed an answer, but its attorneys later withdrew after Bryan's president wrote that the company was "no longer financially in a position to defend itself in the litigation pending against it" and consented to withdrawal of counsel. Doc. 67. The court gave Bryan an opportunity to enroll new counsel, because a corporation must be represented by counsel, and struck its answer and entered default after Bryan did not do so. Docs. 77 and 79.

Despite the likely absence of a financially viable defendant from whom a judgment might be collected, Plaintiff has continued to press the case. Before the court are Plaintiff's two Motions for Default Judgment (Docs. 81 and 83). The court set a hearing (Doc. 85) and

afforded Plaintiff an opportunity to present testimony and other evidence to establish any damages. That hearing was held on January 11, 2012. After hearing the evidence, and for the reasons that follow, it is recommended that the court enter judgment against the Bryan Company and Bryan Construction in the amount of $12,500, plus court costs and legal interest.

**Liability**

Plaintiff, a 29-year-old high school graduate, testified at the hearing that he moved from Maryland to Louisiana and had been in Shreveport for only about a month when LFI placed him at a temporary job with Bryan. The construction company was building condominiums and related structures in the Island Park neighborhood. Six temporary workers such as Plaintiff were on the site to clean condominiums and perform similar work.

Plaintiff testified that four of the workers were white. Only he and Vincent Harris were black. Plaintiff and Harris testified that they performed their work satisfactorily and even finished before the other employees. On March 6, 2008, Plaintiff's eighth day on the job, a supervisor told Plaintiff and Harris that they had been "laid off." The two men spoke with the superintendent, Ernie Williams. Harris testified that Williams must have learned from other employees that Harris had filed an EEOC charge against a former employer, because Williams brought up that matter during their discussion. Williams claimed that the other men on the site were better workers, and he fired both Harris and Plaintiff, the only two black employees on the site.

The facts presented at the hearing are consistent with the allegations in the complaint, which allegations are deemed accepted for purposes of assessing a motion for default judgment. The undersigned finds that Plaintiff established a prima facie case of discrimination, and the employer has not articulated a legitimate, non-discriminatory reason for the firings. The circumstances support a default finding of liability of Bryan in violation of Title VII's prohibition against employment discrimination based on race.

**Damages**

The next issue is the proper amount of damages. Plaintiff and Harris testified that the Island Park work was six days a week, 10 hours a day, and paid $7 per hour. The project continued after they were fired, and they identified one worker who continued to work at the site for eight months afterwards. Plaintiff said that, after he was fired by Bryan, he continued to report to LFI every day in hopes of being assigned other temporary work. On some days he was sent to a work site, but the majority of times he was not.

LFI had accepted an old identification card used by Plaintiff, despite its age and wear, but when Plaintiff later attempted to obtain a new identification card from the State of Louisiana, he ran into difficulty because he lacked a birth certificate. This required that he unseal records of his adoption out of state and take other steps to get a new identification card, the lack of which caused difficulty in obtaining employment. Plaintiff apparently has a card now but is working only "side jobs" for landlords in the Lafayette area, where he now lives, for $40 to $100 a day in cash.

The only lost wages that can be attributed reasonably to the discriminatory firing are those wages lost on the days Plaintiff did not obtain work through LFI in the eight months after his firing that the Island Park project continued.  Even if Bryan had not fired Plaintiff, the steady work at the Island Park site would have ended after eight months at most. Bryan cannot be held responsible for difficulties Plaintiff faced in obtaining work after that time.

Counting six work days per week, there would have been approximately 192 work days in the eight months at issue.  Plaintiff would have earned $70 for each of those days, but he admits he did mitigate his damages, as the law requires, when he found work elsewhere on some of those days.  The evidence supports a finding that Plaintiff found other work on about 25% to 30% of those days, so a reasonable calculation of a backpay award is $10,000. That amount represents approximately 143 missed work days at $70 per day.

Plaintiff does not request reinstatement. He does ask for an award of front pay. There is no basis for such an award, which compensates a plaintiff for lost future wages, because the Island Park project ended long ago.

Plaintiff asks for an award of punitive damages, which are available if the discrimination is done with malice or reckless indifference to federal rights.  He also asks for an award for mental anguish and other compensatory damages, citing the difficulties he had finding housing and the basic requirements of life after he lost the Bryan assignment. Plaintiff said he received counseling at the VA hospital some time after the firing, but he identified no particular mental health symptoms that he suffered because of the firing. A

generous but reasonable award for all such damages, based on the facts shown, is $2,500, for a total award of $12,500.

**Proper Defendants**

There has been confusion from the beginning about the correct name of the Bryan entity that is being sued. Plaintiff has even filed a Motion to Correct Name (Doc. 66) in which he contends that the Bryan Company and Bryan Construction are "all one company." The court can enter a judgment only against a defendant who was served with the complaint or otherwise appeared in the action. The USM 285 shows that service was made on The Bryan Company. Doc. 58. The stricken answer was filed by Bryan Construction. Doc. 49. Plaintiff's motion should, therefore, be granted by entering the judgment against both The Bryan Company and Bryan Construction.

Accordingly,

**IT IS RECOMMENDED** that the **Motions for Default Judgment (Docs. 81 and 83)** and the **Motion to Correct Name of Party (Doc. 66)** be **granted** by entering a judgment in favor of James Clifford and against The Bryan Company and Bryan Construction in the amount of $12,500, plus legal interest and court costs.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of January, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE